## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## TERRE HAUTE DIVISION

WILLARD PURVIS,                          )
                                         )
                          Plaintiff,     )
                                         )
              vs.                        )          Case No. 2:14-cv-41-WTL-WGH
                                         )
INDIANA DEPARTMENT OF                    )
CORRECTION, et al.,                      )
                                         )
                          Defendants.    )
                                         )

### Entry Discussing Amended Complaint and Directing Further Proceedings

Plaintiff Willard Purvis, an inmate at the Wabash Valley Correctional Facility, brings this action pursuant to 42 U.S.C. § 1983 raising a multitude of allegations that his civil rights have been violated during his incarceration at the Wabash Valley Correctional Facility and the New Castle Correctional Faculty. The Amended Complaint is subject to the screening requirement of 28 U.S.C. § 1915A. Based on this screening, certain claims must be dismissed. The remaining claims have been improperly joined in this action and the plaintiff will be directed to notify the Court which of those improperly joined claims he wishes to pursue.

### I. Screening of the Amended Complaint

First, the plaintiff's claims against Bruce Lemmon, the Commissioner of the Indiana Department of Correction, must be **dismissed** because his supervisory position is not adequate to support the imposition of liability. *See West v. Waymire,* 114 F.3d 646, 649 (7th Cir. 1997)("the doctrine of *respondeat superior* is not available to a plaintiff in a section 1983 suit"). Even if the plaintiff wrote letters to this defendant, this fact alone is insufficient to support recovery. *Johnson v. Snyder,* 444 F.3d 579, 583-84 (7th Cir. 2006)(letters to Director insufficient to create a genuine

issue of material fact regarding personal responsibility of Director, where Director had delegated responsibility for reviewing grievances, and there was no evidence that Director had read letters).

Next, any claim based on an alleged denial of grievance procedures or forms is **dismissed** because any right to a grievance procedure is a procedural right, not a substantive one. Accordingly, a state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause. *Antonelli v. Sheahan,* 81 F.3d 1422, 1430-31 (7th Cir. 1996), Because the plaintiff had no expectation of a particular outcome of his grievances, there is no viable claim which can be vindicated through 42 U.S.C. 1983. *Juriss v. McGowan,* 957 F.2d 345, 349 n.1 (7th Cir. 1992) (without a predicate constitutional violation one cannot make out a *prima facie* case under 1983).

In addition, many of the plaintiff's claims are based on alleged actions that took place more than two years before this case was initially filed on February 14, 2014. This includes, but is not limited to, the plaintiff's claim that the defendants failed to protect him from harm when they allowed him to be double celled with an inmate who was a threat to his safety in 2011, his claim that on May 2, 2011, he was placed on Administrative Segregation in retaliation for complaining about his conditions to the Indiana Ombudsman Bureau, and his claim that he was subjected to an unreasonable number of cell searches. Claims brought pursuant to § 1983 are subject to a two-year statute of limitations and claims regarding acts that took place before February 14, 2012 are properly **dismissed**. *See Miles v. Vanderburgh Cnty. Jail,* 335 F. App'x 633, 635 (7th Cir. 2009). "It is, of course, 'irregular' to dismiss a claim as untimely under Rule 12(b)(6). . . .However, . . . dismissal under Rule 12(b)(6) on the basis of a limitations defense may be appropriate when the plaintiff effectively pleads [him]self out of court by alleging facts that are sufficient to establish the defense." *Hollander v. Brown,* 457 F.3d 688, 691 n.1 (7th Cir. 2006) (internal citations

omitted). Although the requirements of notice pleading are minimal, when a plaintiff "pleads facts that show his suit is time barred or otherwise without merit, he has pleaded himself out of court." *Tregenza v. Great American Communications Co.*, 12 F.3d 717, 718 (7th Cir. 1993). That is exactly what the plaintiff has done here.

The claim that he was forced to sleep in a chair from February 11 to April 15, 2014 is **dismissed** because the plaintiff does not identify any defendant who caused this alleged deprivation.

The plaintiff's claim that he received a "contrary and vindictive" classification designation on April 12, 2012, is **dismissed**. A prisoner has no due process or other right to be housed in or returned to a prison's general population from a segregation unit under the circumstances alleged by the plaintiff. *Townsend v. Fuchs*, 552 F.3d 765, 772 (7th Cir. 2008) (*quoting Wilkinson v. Austin*, 545 U.S. 209, 222-24 (2005)); *Lucien v. DeTella*, 141 F.3d 773, 774 (7th Cir. 1998) ("Classifications of inmates implicate neither liberty nor property interests . . . .") (citing *Sandin v. Conner*, 515 U.S. 472, 484 (1995)).

Finally, any claim based on a Report of Conduct which resulted in the deprivation of credit time is **dismissed**. The settled law in these circumstances is that when a prisoner makes a claim that, if successful, could shorten his term of imprisonment, the claim must be brought as a habeas petition, not as a § 1983 claim. *Heck v. Humphrey,* 512 U.S. 477 (1994). In *Edwards v. Balisok,* 520 U.S. 641 (1997), the foregoing rule was "extend[ed] . . . to the decisions of prison disciplinary tribunals." *Gilbert v. Cook*, 512 F.3d 899, 900 (7th Cir. 2007).

## II. Claims that are Improperly Joined

With respect to the remaining claims, the Amended Complaint violates the joinder of claims limitation of the *Federal Rules of Civil Procedure*. That is, "unrelated claims against

different defendants belong in different suits. . . ." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Joinder of the defendants into one action is proper only "if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a).

After dismissing non-viable claims, the Court discerns the following claims. The claims are described under the most applicable constitutional provision. *See Conyers v. Abitz,* 416 F.3d 580, 586 (7th Cir. 2005). Further, claims that would be properly joined with each other are so identified.

- The First Amendment claim that on August 2, 2012, **Lt. Nicholson** issued a Report of Conduct against the plaintiff in retaliation for his filing of grievances and that the Report of Conduct was later dismissed; The First Amendment claim that in August 2012 the plaintiff's work status was changed in retaliation for attempting to file grievances against defendants **Mr. Brown, Mr. Gilmore, Mrs. Gilmore, Lt. Nicholson, Mr. Marshall, Mr. Snyder, and Mr. Leohr;** The Eighth Amendment deliberate indifference claim that in September of 2012, the plaintiff was improperly assigned to an upper floor against defendants **Mr. Gilmore, Mrs. Gilmore, and Mr. Donaldson;** The Eighth Amendment deliberate indifference claim that in May 2013 and June 2013, the plaintiff was transferred to the Transition Unit at New Castle Correctional Facility despite the fact that the plaintiff's status as a sex offender would subject him to risk of assault against defendants **Mr. Collins, Mrs. Gilmore, Mr. Snyder, Mr. Marshall, Mr. Gilmore, Mr. Littlejohn, Mr. Brown, and Mr. Leohr**.

- The claim that defendant **Arnold** improperly confiscated the plaintiff's television.

- The First Amendment claim that defendant **Hinton** denied the plaintiff information related to attorney contact information in retaliation for attempting to file a grievance; The deliberate indifference claim against defendant Hinton for putting the plaintiff at risk of harm by informing other prisoners that the plaintiff had been convicted of child molestation.

- The Eighth Amendment claim that defendants **Maddox, Willis, and Hendershot** put the plaintiff at risk of harm when they called him names such as "snitch" and" child molester" in hopes that other offenders would hear and cause harm to the plaintiff; the claim that defendant **Willis** served the plaintiff a tray of food with excrement in it; the First Amendment claim that defendant **Willis** discarded the plaintiff's mail.

### III. Further Proceedings

As stated above, the plaintiff has failed to state a claim for relief with respect to several of the claims in his complaint. As for the remaining claims, those claims must be brought in separate lawsuits. To facilitate the severance of the remaining claims. The plaintiff shall have **through June 11, 2015**, in which to notify the Court of the following: (1) whether he believes he has asserted any claim in his Amended Complaint which has not been discussed in this Entry; (2) which of the claims identified in Part II of this Entry he wishes to proceed in this action; and (3) whether he wishes the remaining claims to be severed into separate lawsuits. He is reminded that if he wishes for the remaining claims to be severed into new lawsuits, each lawsuit will be subject to a separate filing fee and the screening requirement of 28 U.S.C. § 1915A(b). If the plaintiff fails to properly respond to this Entry, the following claims will proceed:

> The First Amendment claim that on August 2, 2012, **Lt. Nicholson** issued a Report of Conduct against the plaintiff in retaliation for his filing of grievances and that the Report of Conduct was later dismissed; The First Amendment claim that in August 2012 the plaintiff's work status was changed in retaliation for attempting to

file grievances against defendants **Mr. Brown, Mr. Gilmore, Mrs. Gilmore, Lt. Nicholson, Mr. Marshall, Mr. Snyder, and Mr. Leohr;** The Eighth Amendment deliberate indifference claim that in September of 2012, the plaintiff was improperly assigned to an upper floor against defendants **Mr. Gilmore, Mrs. Gilmore, and Mr. Donaldson;** The Eighth Amendment deliberate indifference claim that in May 2013 and June 2013, the plaintiff was transferred to the Transition Unit at New Castle Correctional Facility despite the fact that the plaintiff's status as a sex offender would subject him to risk of assault against defendants **Mr. Collins, Mrs. Gilmore, Mr. Snyder, Mr. Marshall, Mr. Gilmore, Mr. Littlejohn, Mr. Brown, and Mr. Leohr**.

The remaining claims will be dismissed without prejudice.

**IT IS SO ORDERED.**

Date: 5/7/15

Distribution:

WILLARD PURVIS
985367
Wabash Valley Correctional Facility
Electronic Filing Participant – Court Only

_William T. Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana