UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| WILLARD PURVIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 2:14-cv-41-WTL-MJD |
| ) | |
| INDIANA DEPARTMENT OF ) | |
| CORRECTION, et al., ) | |
| ) | |
| Defendants. ) | |

**Entry Granting Motion for Partial Summary Judgment**

Plaintiff Willard Purvis is an inmate at the Wabash Valley Correctional Facility ("Wabash Valley"). He brings this lawsuit pursuant to 42 U.S.C. 1983, alleging that the defendants violated his constitutional rights in a number of ways. Arguing that Purvis failed to exhaust his available administrative remedies with respect to his claims that Lt. Nicholson issued a report of conduct against him in retaliation for his filing of grievances and that his Eighth Amendment rights were violated by Defendants Mr. and Mrs. Gilmore and Mr. Donaldson when he was improperly assigned to an upper floor. Purvis has not responded to the motion for summary judgment. For the following reasons, the Court finds that the motion [dkt 76] must be **granted**.

**I. Summary Judgment Standard**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion." *Fed.R.Civ.P.* 56(a); *see also Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986); *Spath v. Hayes Wheels Int'l–Ind., Inc.,* 211 F.3d 392, 396 (7th Cir. 2000). In determining the existence of a genuine issue of material fact,

the court construes all facts in a light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255 (1986).

Purvis has not opposed the motion for summary judgment, either with evidentiary material or with a narrative statement suggesting that the defendants are not entitled to summary judgment based on the pleadings and the evidentiary record. He has not filed a statement of material facts in dispute. The consequence of these circumstances is that Purvis has conceded the defendants' version of the facts. *Smith v. Lamz,* 321 F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission."); *Waldridge v. American Hoechst Corp.,* 24 F.3d 918, 921-22 (7th Cir. 1994). This does not alter the standard for assessing a Rule 56(a) motion, but does "reduc[e] the pool" from which the facts and inferences relative to such a motion may be drawn. *Smith v. Severn,* 129 F.3d 419, 426 (7th Cir. 1997).

## II. Undisputed Facts

From February 11, 2011, until present, Purvis has been housed at Wabash Valley. During that time, there was a Classification Appeal Process and a Grievance Process in place related to Purvis's claims.

### A. *Classification Appeals Process*

A classification appeals process was in place at WVCF when Purvis was transferred to Wabash Valley ("the Classification Policy"). This policy governed the process of how inmates are classified to certain housing assignments and how an inmate can exhaust his administrative remedies if he has received a classification decision. Pursuant to the Classification Policy, an inmate may submit a written appeal of the classification decision, within ten working days from the date he received the classification decision. The inmate shall submit the written appeal on State

Form 9260. The appeal form and any supporting documentation is submitted to the Superintendent for review.

DOC records indicate that Purvis did not submit a classification appeal after he was assigned to a floor that he felt was inappropriate in accordance with the Classification Policy.

B. *Grievance Policy*

There is a grievance program in place at Wabash Valley which was in place while Purvis was incarcerated there and during the time that Purivs alleges that his rights were violated ("the Grievance Policy"). Inmates may grieve matters that involve actions of individual staff under the Grievance Policy at Wabash Valley, including those issues alleged in Purvis's Complaint. The Grievance Policy includes an attempt to resolve the complaint informally, as well as two formal steps: a formal written grievance, and then an appeal of the response to the level one grievance. If an inmate cannot resolve his grievance informally, he can proceed to the Level I formal grievance process. Once an adequate grievance form is received, the executive assistant logs the grievance and assigns a case number. An inmate must file a Level I formal grievance within twenty business days from the day of the event that is the subject of the grievance. Under the Grievance Policy, inmates wishing to file a grievance must submit a completed grievance form relating to the complaint of actions taken by staff. DOC records indicate that Purvis did not file any formal grievances that can plausibly relate to the allegations made in his complaint.

**III. Discussion**

The defendants argue that Purvis's claims that he was improperly assigned to an upper floor and that Lt. Nicholson retaliated against him must be dismissed because he failed to exhaust his available administrative remedies with respect to those claims.

### A. *The Exhaustion Requirement*

The Prison Litigation Reform Act ("PLRA") requires that a prisoner exhaust his available administrative remedies before bringing a suit concerning prison conditions. 42 U.S.C. § 1997e(a). *See Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.* at 532 (citation omitted). The exhaustion requirement of the PLRA is one of "proper exhaustion" because "no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo,* 548 U.S. 81, 84 (2006). This means that the prisoner plaintiff must have completed "the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Id.* at 84; *see also Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004) ("In order to properly exhaust, a prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'") (quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002)).

### B. *Purvis's Classification Claims*

The defendants have shown that a classification appeal process was in place at Wabash Valley when Purvis was placed in a cell which he felt was inappropriate. The defendants have further shown that Purvis submitted no classification appeal related to his upper floor claim. By failing to respond to the motion for summary judgment, Purvis has provided no evidence or

4

argument to dispute this. Accordingly, it is undisputed that Purvis failed to exhaust his available administrative remedies with regard to the claim against defendants Mr. Gilmore, Mrs. Gilmore, and Mr. Donaldson that Purvis was improperly assigned to an upper floor. These defendants are therefore entitled to summary judgment on this claim.

C. *Purvis's Claim against Lt. Nicholson for Retaliation for issuing a Conduct Report*

Defendant Nicholson has shown that there was a grievance process in place at the time that Purvis alleges that Nicholson violated his rights. Nicholson has also shown that Purvis failed to take advantage of this process. Again, Purvis has provided no evidence or argument to dispute this. Accordingly, it is undisputed that Purvis failed to exhaust his administrative remedies against Nicholson and Nicholson is entitled to summary judgment on the claim against him.

### IV. Conclusion

The motion for partial summary judgment [dkt 76] is **granted**. Purvis's claim that Lt. Nicholson issued a report of conduct against him in retaliation for his filing of grievances and his claim that Mr. and Mrs. Gilmore and Mr. Donaldson violated his constitutional rights when he was improperly assigned to an upper floor are **dismissed without prejudice.**

No partial final judgment shall issue as to the claims resolved in this Entry. An order directing further proceedings in this action shall issue separately.

**IT IS SO ORDERED.**

Date: 4/21/16

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Willard Purvis
DOC # 985367
Wabash Valley Correctional Facility
Electronic Filing Participant – Court only


All electronically registered counsel